UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82314-CIV-DIMITROULEAS
MAGISTRATE JUDGE P.A. WHITE

FRANCISCO ELARIO MARTINEZ        :

      Plaintiff,                 :

                                          REPORT OF
v.                               :      MAGISTRATE JUDGE

MARILYN F. BURNS, et al.         :

      Defendants.                :
_____

### I     INTRODUCTION AND PROCEDURAL HISTORY

In this pro se civil rights action pursuant to 42 U.S.C. §1983 the plaintiff filed a complaint for damages (DE#1), claiming, *inter alia*, denial of medical care in October of 2008, and January 2009, at Glades Correctional Institution ("GCI"), where he was previously confined. Martinez named 5 defendants, all at GCI: Corrections Officer Moore; Nurse Wallace; Nurse Bynes; Medical Administrator Marilyn Burns; and Dr. L. Bass, M.D. Plaintiff Martinez alleged that on 10/1/2008, while he was riding in the back of a Florida DOC truck, allegedly being driven recklessly by Officer Moore, he fell from the back of the truck, sustaining injuries to his neck, upper back, left hip and "chest area."

Martinez alleged that on 10/10/2008 he "declared a medical emergency due to excruciating back pain, and defendant, nurse Wallace simply did not render any medical attention because defendant Wallace felt that the plaintiff should have signed up for sick call." (DE#1, p.5). Martinez alleged that 17 days later, on 10/27/2008, he "declared a medical emergency due to pain from injuries sustained during the accident and nurse, defendant Bynes, stated to the plaintiff that 'she' didn't want to see plaintiff and told plaintiff to go away...and did not assist plaintiff." (Id., p.5). Finally, Martinez alleged that nearly 3 months after that, on 1/13/2009, he "was seen by medical chief health care officer Defendant Bass, and she expressed her intolerance and unfairness towards plaintiff needs for medical care and did nothing to help plaintiff." (Id., p.5).

After a Preliminary Report and Order of partial dismissal (DE#s 4 and 14) the initial complaint remained pending only as to Dr. Bass and Nurses Wallace and Bynes, (Order DE#14). The Report DE#4 recommended that the §1983 complaint was sufficient, for purposes of initial screening, to state an Eighth Amendment claim for denial of medical care, because "plaintiff has minimally stated he has not received medical treatment from Dr. Bass, Nurse Wallace, and Nurse Bynes for his back pain." (Report, DE#4).  As to Officer Moore, the complaint was dismissed because the allegations against him, which amounted to negligence, did not suffice to state a claim under §1983. In the absence of specific allegations of personal involvement, Administrator Burns, who as a supervisory official cannot be held vicariously liable for the acts of subordinates, and cannot be held liable under §1983 based solely on the doctrine of *respondeat superior*, also was dismissed. (Order Adopting Report, DE#14).

Summonses were issued (DE#s 9-11) and the Marshal was directed to serve them and copies of the complaint upon Bass, Wallace and Bynes (Order DE#8). Executed Returns were filed for Wallace and Bynes (DE#s 16, 17); and they filed a joint Answer (DE#23).

The plaintiff, via the initial Order of Instructions (DE#6), was informed of his duty to provide the name and title of each and every defendant, and a current address at which the named individuals could be served with process. The Order cautioned the plaintiff that for defendants who could not be served due to lack of required information, the complaint would be subject to dismissal. An unexecuted Return was filed for Dr. Bass (DE#15) noting that the defendant was no longer employed at GCI. An Order (DE#18) was entered instructing the plaintiff that Bass could not be served at the address provided, and informing plaintiff that he had until 2/23/2010 to provide a current address for Bass. On 3/1/2010, when the defendants were granted an extension of time to Respond to the Complaint, the court granted the plaintiff an extension until 3/19/2010 to provide an address. (3/1/2010 Order DE#21). On 3/18/2010, plaintiff filed response to the Court's Order of

3/1/2010, stating he was having difficulty obtaining an address for Bass, and he sought to compel production of the address by the DOC/GCI. On 3/22/2010, an Order DE#24) was entered, providing plaintiff yet another extension of time to provide a service address for Bass, noting that the Court cannot compel a non-party to produce an address for the named defendant, and cautioning the plaintiff that his failure to provide an address for Bass by 4/12/2010 could result in the defendant's dismissal.

A scheduling Order was entered (DE#25) setting deadlines for completion of pretrial proceedings, including: completion of dis-covery by 7/7/2010; filing of amendments by 7/21/2010; the filing of motions to dismiss or for summary judgment by 8/11/2010; and the filing of pretrial statements by the plaintiff and defendants, respectively, by 8/25 and 9/8/2010. No current address has been provided for the defendant Dr. Bass, and Bass remains unserved.

Martinez sought to amend (Proposed Amended Complaint DE#26), in an attempt to have Officer Moore reinstated as a defendant in the case. After a Report (DE#27) recommending denial of the motion to amend [and noting that plaintiff's recourse against Moore could possibly be a tort action in the state courts], the motion to amend was denied (Order, DE#30), and the case remained pending against Bass, Wallace, and Bynes.

**This Cause is now before the Court upon a Motion for Summary Judgment filed by the plaintiff Martinez (DE#43)**, as to which the defendants Wallace and Byrne have filed a Response (DE#55).

Wallace and Byrne, having previously moved to compel authorization for disclosure of plaintiff's medical records, and having received plaintiff's medical release on 9/2/2010, were granted an extension of time to file their own dispositive motion. (See DE#s 35, 45, 47, 49, 51, 53 and 54). During preparation of this Report, their summary judgment motion (DE#63), was filed on 10/28/2010. By separate Order the plaintiff is being informed of his right to respond. In due course, a separate Report will be

entered with a recommendation for disposition of the defendants'
motion, after the plaintiff has had his opportunity to respond to
the defendants' claim of entitlement to summary judgment.

## II   DISCUSSION

### A.   Defendant Bass

Under the circumstances that the plaintiff has been unable to
obtain and provide a current service address for the defendant Dr.
Bass, after being apprised of his duty to do so, after being
granted multiple extensions of time to provide the required
information, and after being cautioned that failure to provide an
address at which the defendant could be served with a summons and
copy of the complaint would likely result in dismissal, it appears
that, as to the defendant Dr. Bass, the complaint should be
dismissed pursuant to Fed.R.Civ.P. 4(m), which provides for
dismissal of a pleading which could not be served within 120 days
of its filing.

### B.   The Plaintiff's Motion for Summary Judgment

Title 42 U.S.C., Section 1983, requires an affirmative causal
connection between an official's acts and an alleged constitutional
deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11 Cir. 1995);
Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11 Cir. 1995).

Deliberate indifference to serious medical needs of prisoners
constitutes the unnecessary and wanton infliction of pain proscrib-
ed by the Eight Amendment. Estelle v. Gamble, 429 U.S. 97, 104
(1976). Whether an inmate's medical need requires attention as a
matter of constitutional right depends upon its severity. See
Estelle, supra, at 104-06. Generally, a serious medical need is
considered "one that has been diagnosed by a physician as mandating
treatment or one that is so obvious that even a lay person would
easily recognize the necessity for a doctor's attention." Farrow v.

West, 320 F.3d 1235, 1243 (11 Cir. 2003) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994)).

The standard may be met where there is a showing that jail officials denied or delayed an inmate from receiving necessary medical treatment for non-medical reasons, see Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11 Cir. 1985). In addition, officials' inordinate delay in providing necessary treatment, without medical explanation, may evidence deliberate indifference, Farrow v. West, 320 F.3d 1235, 1247 (11 Cir. 2003), and the standard may be met where there is intentional, unexplained delay in providing to access treatment for serious painful injuries, Brown v. Hughes, 894 F.2d 1533 (11 Cir. 1990), and cases cited therein.

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for nonmedical or unexplained reasons. Farrow, 320 F.3d at 1247 (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment).  The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay.  Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994).  A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all."  Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985).  If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment.  Estelle, 429 U.S. at 104.

In Estelle, the Supreme Court reasoned that "an inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id., 429 U.S. at 103. Not every claim by a prisoner, asserting that he has not received adequate medical treatment, however, is sufficient to state a violation of the Eighth Amendment. McElligot v. Foley, 182

5

F.3d 1248, 1254 (11 Cir.1999). Negligence is not enough,[1] and a mere difference of opinion between an inmate and prison medical staff concerning his diagnosis and course of treatment does not rise to the level of a constitutional deprivation.[2] Thus, it is well settled that a showing of mere negligence, neglect, or medical malpractice is insufficient to recover on a §1983 claim. Estelle, supra; Adams v. Poag, 61 F.3d 1538 (11 Cir. 1995). In fact, once an inmate has received medical care, courts are hesitant to find that a constitutional violation has occurred. Hamm v. DeKalb County, 774 F.2d 1567, (11 Cir.), cert. denied, 475 U.S. 1096 (1986).

Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11 Cir. 1991). In order to show an objectively serious deprivation of medical care, the inmate must demonstrate: 1) an objectively serious medical need that, left unattended, poses a serious risk of

---

[1]     It is well settled that a showing of mere negligence, neglect, or medical malpractice is insufficient to recover on a §1983 claim. A showing of conscious or callous indifference is required. Estelle, supra, 429 U.S. at 104-06; Daniels v. Williams, 474 U.S. 327 (1986); Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988).

[2]     Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See: Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

harm; 2) that the response made by public officials to that need was poor enough to constitute an "unnecessary and wanton infliction of pain," and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law; and 3) an attitude of deliberate indifference, which shows that the defendants were aware of the facts from which a substantial risk of serious harm could be inferred, *and that they actually did draw that inference*. Taylor v. Adams, 221 F.3d 1254, 1258 (11 Cir. 2002).

In this case, as discussed in previous reports, the plaintiff Martinez's allegations regarding failure of the defendants to provide medical care, were at least minimally sufficient to state a claim under §1983 for failure to provide medical care, in violation of his Eighth Amendment rights. This recommendation, however, was in the context of initial screening of plaintiff's pleadings, under the pleading standard that applies to initial review of a complaint, which is essentially the same standard that applies to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim.

The standard of review is different for a motion for summary judgment; and here, it is apparent that the plaintiff, as the movant, has made an insufficient initial showing in his Motion DE#43 to demonstrate that he is entitled to summary judgment, on his claims, in his favor.[3]

---

[3]    Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the mov-ing party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,'

The Recommendations of this Report are based solely on the plaintiff's complaint and allegations, plaintiff's motion for summary judgment, and the defendants' response. It is clear, as further discussed below, that upon consideration of that record there exist genuine issues of material fact concerning the §1983 claim that medical defendants ignored his needs for medical care.

As a threshold matter, absent evidence to the contrary, it will be presumed, for purposes of plaintiff's motion for summary judgment, that his contention he was in pain is sufficient to establish the existence of a serious medical need (i.e. that the existence of the pain itself, sufficed to constitute a medical need). See McElligott v. Foley, 182 F.3d 1248, 1257 (11 Cir.1999) (finding that an inmate's complaints of abdominal pain over a course of 5½ months should have signaled a serious medical need); see Farrow, supra, 320 F.3d at 1247 (inmate complained about dental pain for about 15 months); Brown v. Hughes, supra, 894 F.2d at 1538

---

since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir. 1990).If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

(painful broken foot can be serious medical need, and an official's deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim); <u>Aldridge v. Montgomery</u>, 753 F.2d 970, 972-73 (11 Cir. 1985) (2½ hour delay in treatment for a bleeding cut under the eye held actionable); <u>Hughes v. Noble</u>, 295 F.2d 495 (5 Cir. 1961) (13 hour delay for broken and dislocated cervical vertebrae).

If the plaintiff was in excruciating pain, if the plaintiff specifically informed the defendant nurses that he was in pain, and if they were in a position to alleviate it and instead ignored his complaints, that could possibly be enough to state claim against them under §1983.

The plaintiff has alleged that on 10/10 and on 10/27/2008 he declared medical emergencies. [He apparently did so, after going to the Medical Department on those dates, unannounced]. As the defendants Wallace and Bynes note in their response, while the plaintiff contends that on 10/10/2010 Nurse Wallace did not then give him medical care, and told him that he should have signed up for sick call, and contends that on 10/27/2010 Nurse Bynes told him to go away and that she didn't want to see him, there is no specific allegation that Wallace on 10/10 or Bynes on 10/27/2008 were actually told by the plaintiff that he was in pain at the times that he alleges he attempted to declare his medical emergencies, and was rebuffed.

Based on his own allegations, it would appear that plaintiff Martinez waited 9 days after his 10/1/2008 fall to declare his medical emergency to Nurse Wallace on 10/10/2008; and waited an additional 17 days to declare his second medical emergency to Nurse Bynes on 10/27/2008. Although the plaintiff has submitted a number of exhibits consisting of requests and grievances to his complaint (DE#1, pp.15-35), there is nothing to indicate after he was allegedly rejected by Wallace on 10/10, that he immediately filed any request or grievance on that date or soon thereafter. And if he was instructed by Wallace that he should have signed up for sick

call, rather than attempting to declare a medical emergency, there
is no allegation, nor is there documentary evidence at this
juncture in the case, to indicate whether or not the plaintiff
sought care at sick call on 10/10/2008 or soon thereafter.  The
plaintiff's next 17 day delay in seeking care by declaring a
medical emergency to Nurse Bynes remains unexplained.

It is apparent that Martinez's medical needs were not entirely
ignored. An 11/24/2008 Response (Response, DE#1, p.32) answering an
11/6/2008 Formal Grievance that plaintiff filed with the Warden's
Office (Grievance, DE#1, p.27), indicates that his grievance was
approved, noting that his Medical Chart showed he was seen on 10/1,
10/16, 10/27, 11/4, and 11/10 by a Clinician, that "x-rays have
been done," and that plaintiff had "a pending consult to be seen by
an Orthopedic." Plaintiff was instructed to "please await call
out," and was informed in answer to his grievance that "appropriate
care is being provided to you and all of the inmates." (Response
Denying Grievance, DE#1, p.32).

A subsequent Response dated 6/9/2009, in answer to a separate
grievance, indicates that that Grievance was denied. (Response,
DE#1, p.31). The 6/9/2009 response includes a statement that a
record review showed that Martinez had been seen at medical on
10/1/2008 when he reported falling off of a milk crate in the back
of a DOT truck. The same Response stated: "on 10-01-08, 11/5/08 and
11-19-08 you had x-rays done. You received medication for your
pain. Your last visit to medical was on 3-13-09 and no further
follow-up was required."

The defendants observe and argue in their response opposing
plaintiff's summary judgment motion, that plaintiff does not
specifically allege that he told Wallace and Bynes of his back
pain. They argue that "plaintiff further omits any factual allega-
tions or record evidence demonstrating that the defendants' delib-
erate indifference caused some type of injury." They further argue
that plaintiff's claims that he attempted to declare medical emer-
gencies and that he was rebuffed, is not a substitute for following

10

protocol. (Defendants state: "...Plaintiff relies entirely on two (2) limited, conclusory allegations set forth in his complaint as his basis for an award of summary judgment: 1) his emergency declaration superseded the need to follow protocol and sign up for sick call; and 2) consequently Defendants put him in danger of substantial health risk.") The defendants argue that such "generalized, conclusory assertions are inadequate substitutes for record evidence, and as such, his motion for summary judgment lacks both factual support and legal merit." (<u>see</u> DE#55, at ¶¶8-11).

At this juncture, there are multiple issues of material fact, the existence of which precludes summary judgment at this juncture. <u>See</u> <u>Celotex Corp. v. Catrett</u>, <u>supra</u>. These include questions of fact regarding, *inter alia*: what was the actual nature of the plaintiff's injuries and medical condition at the times that he spoke to the nurses on 10/10 and 10/27/2008; whether the plaintiff was already on pain medication when he allegedly approached Nurse Wallace on 10/10/2008 and approached Nurse Bynes on 10/27/2008; what care had been or was being provided to the plaintiff at the time that he allegedly approached Nurse Wallace on 10/10/2008 and Nurse Bynes on 10/27/2008; whether the defendant nurses were actually made aware at those times that the plaintiff was in pain, and if so, whether they were authorized to themselves provide him care/medication to alleviate it; what other care, if any, the nurses could have provided to the plaintiff when he attempted to declare a medical emergency, but instead was told to sign up for sick call; and whether a demand by the nurses that the plaintiff sign up for sick call, in lieu of declaring a medical emergency, caused him some type of injury.

### III   CONCLUSION

It is therefore recommended that: 1) **as to the defendant Bass, the complaint be dismissed pursuant to <u>Fed.R.Civ.P.</u> 4(m)**, which provides for dismissal of a complaint which could not be served within 120 days of its filing; 2) the **plaintiff's Motion for Summary Judgment (DE#43) be DENIED**; and 3) **the case remain pending** solely against the defendant Nurses Wallace and Bynes, on claims

that they, respectively, denied the plaintiff medical care on 10/10/2008 and 10/27/2008, when he approached them and attempted to declare medical emergencies.

A separate Report will be entered in due course, on the defendants' motion for summary judgment that has just been filed, and as to which the plaintiff has not yet had an opportunity to respond.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: October 29th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Francisco Elario Martinez, Pro Se
      DC# Y18509
      Hendry C.I.
      12551 Wainwright Drive
      Immokalee, FL


      Steven Lury, Esq
      Quintairos, Prieto, Wood & Boyer, et al.
      1 East Broward Blvd., Suite 1400
      Ft Lauderdale, FL 33301


      Honorable William P. Dimitrouleas,
      United States District Judge