UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82314-CIV-DIMITROULEAS

FRANCISCO ELARIO MARTINEZ,

        Magistrate Judge White

    Plaintiff,

vs.

MARILYN F. BURNS, et al.,

    Defendants.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE;
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Plaintiff Francisco E. Martinez's Motion for Summary Judgment [DE 43] and the Report of Magistrate Judge Patrick A. White, dated October 29, 2010 [DE 64]. The Court has conducted a *de novo* review of the Report, Defendants Bynes and Wallace's Response to Magistrate's Report and Recommendation [DE 66][1], Plaintiff's Objection to Report of Magistrate Judge [DE 67], the record herein, and is otherwise fully advised in the premises.

The Court agrees with the reasoning and analysis of the Magistrate Judge in determining that, under the circumstances, the complaint should be dismissed as to the Defendant Dr. Bass pursuant to Fed.R.Civ.P. 4(m), which provides for dismissal of a pleading which could not be

---

[1] Defendants Bynes and Wallace's Response to Magistrate's Report and Recommendation [DE 66] is hereby stricken as prematurely filed. Defendants request that the Court not adopt the Magistrate Judge's recommendation that Plaintiff's summary judgment motion be denied. Defendants take issue with the Magistrate Judge for having "filed his Report and Recommendations prior to the Plaintiff even having to file a response to the Defendants' Motion for Summary Judgment." [DE 66 at 1]. However, the Magistrate Judge has not yet entered a recommendation regarding the Defendants' Motion for Summary Judgment [DE 63].

served within 120 days of its filing. In particular, the Court points out that Plaintiff has been unable to obtain and provide a current service address for the Defendant Dr. Bass, after being apprised of his duty to do so, after being granted multiple extensions of time to provide the required information, and after being cautioned that failure to provide an address at which the Defendant could be served with a summons and copy of the complaint would likely result in dismissal.

Additionally, the Court agrees with the reasoning and analysis of the Magistrate Judge that the Plaintiff, as the moving party, has made an insufficient initial showing in his Motion [DE 43] to demonstrate that he is entitled to summary judgment in his favor on his § 1983 claims. A review of Plaintiff's summary judgment motion [DE 43] and his Objection [DE 67] makes it clear that Plaintiff misunderstands the standard for granting summary judgment in his favor and the implications of the Court's denial of Plaintiff's summary judgment motion. Plaintiff believes that if he can demonstrate a genuine issue of material fact in the record evidence, then he is entitled to the entry of summary judgment in his favor. See [DE 43 at 2, 3, 4]. This is an incorrect statement of the law. Rather, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). Here, the Court agrees with the Magistrate Judge that there are multiple issues of material fact, the existence of which precludes summary judgment in Plaintiff's favor. These include questions of fact regarding the nature of Plaintiff's injuries, medical condition, and current medical treatment when he approached Defendants Bynes and

Wallace and attempted to declare a medical emergency, whether Defendants' were made aware of Plaintiff's pain, what care they could have provided to him, and what injury they caused him by demanding that he sign up for sick call.

Additionally, Plaintiff incorrectly believes that the Court's denial of Plaintiff's motion for summary judgment precludes him from proceeding to trial.  See [DE 67 at 9].  Instead, it would be the <u>granting</u> of Defendants Bynes and Wallace's pending Motion for Summary Judgment [DE 63] that would preclude Plaintiff from a trial of this action.  The Magistrate Judge's October 29, 2010 Order Instructing Pro Se Plaintiff Concerning Response to Motion for Summary Judgment [DE 65] ordered Plaintiff to file a response to Defendants' pending motion for summary judgment on or before November 22, 2010.  As that deadline has already passed, and to avoid any potential confusion on Plaintiff's behalf, the Court hereby extends the deadline for Plaintiff to file a response to Defendants' summary judgment motion until **on or before December 13, 2010**.  Plaintiff is warned that a failure to timely respond to Defendants' summary judgment motion could result in the Court's granting of the Defendants' motion by default.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The October 29, 2010 Report of Magistrate [DE 64] is hereby **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment [DE 43] is hereby **DENIED**;

3. The Complaint is hereby **DISMISSED** as to the Defendant Dr. Bass pursuant to Fed.R.Civ.P. 4(m);

4. The deadline for Plaintiff to file a response to Defendants' Motion for Summary Judgment is hereby extended to **on or before December 13, 2010**;

5. This case remains referred to Magistrate Judge White.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of November, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge White

Francisco Elario Martinez, pro se
DC #Y18509
Hendry Correctional Institution
12551 Wainwright Drive
Immokalee, FL 34142